**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| SUNBEAM PRODUCTS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ROYAL CONSUMER INFORMATION PRODUCTS, INC.,<br><br>Defendant. | Case No. ___________________ |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

COMES NOW Plaintiff Sunbeam Products, Inc. ("Sunbeam"), by and through its undersigned counsel, who files this, its Verified Complaint for Damages and Injunctive Relief (the "Complaint"), and respectfully shows this Honorable Court as follows:

1. This case concerns Defendant Royal Consumer Information Products, Inc.'s ("Defendant") improper ongoing use of Sunbeam's trademark(s) following the termination of the parties' License Agreement in July 2026.

## JURISDICTION AND VENUE

2. Sunbeam is a Delaware for profit corporation that is registered to do business in Georgia, and its principal place of business is located at 5 Concourse Parkway NE, 8th Floor, Atlanta, Georgia 30328.

3. Defendant is a Delaware for profit corporation, and its principal place of business is located in New Jersey. Defendant may be served with summons and process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

4. The claims in Counts One and Two arise under the Trademark Act of 1946 (as amended, the "Lanham Act"), 15 U.S.C. §§ 1051 *et seq.*, and this Court has original and subject matter jurisdiction over said Counts pursuant to 28 U.S.C. §§ 1331, 1338(a), and 15 U.S.C. § 1121(a).

5. The remaining Counts are so related to Counts One and Two that they form a part of the same case or controversy, and this Court has supplemental jurisdiction over them pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

6. Defendant is subject to the jurisdiction and venue of this Court by virtue of Section 31 of the parties' License Agreement, effective January 9, 2024 (the "Agreement," a redacted copy of which accompanies this Complaint as Exhibit 1), which states that:

> [a]ny legal action or proceeding relating to this Agreement or its subject matter shall be brought in any state or federal court having jurisdiction at [Sunbeam]'s principal place of business . . .. Each party irrevocably consents to the personal jurisdiction of such courts and irrevocably waives any objection that such party may now have or later have based on the venue or forum non conveniens with respect to any action or proceeding initiated in such courts.

## FACTUAL ALLEGATIONS

7. In the Agreement, Sunbeam granted Defendant certain rights of use of its BIONAIRE trademark and any logos/stylizations thereof authorized by Sunbeam in writing (the "Trademarks"), all as defined in the Agreement.

8. The Agreement also defined "Work Product," which was associated with Defendant's use of the Trademarks.

9. As used herein, the term "Licensed Trademarks" shall also include both Trademarks and Work Product, either individually or collectively.

### Pre-Termination Breach

10. Under the Agreement, Defendant was obligated to pay Sunbeam certain monies for its use of the Licensed Trademarks, among other things. Specifically, Defendant was obligated to pay Sunbeam certain "Minimum Guaranteed Royalty Payments," as defined in the Agreement on a per "Contract Year," as defined in the Agreement, basis.

11. Defendant failed to pay Sunbeam all amounts due under the Agreement.

12. On June 11, 2026, Sunbeam gave Defendant notice of its breach of the Agreement in writing. A true and correct copy of Sunbeam's June 11, 2026 "Notice of Breach" letter is attached to this Complaint as Exhibit 2.

13. As of June 11, 2026, Defendant owed Sunbeam $254,794 under the Agreement (the "Balance Due").

14. Under the Agreement, Defendant had a period to cure its breach of the Agreement (the "Cure Period") by paying the Balance Due.

15. Defendant did not pay the Balance Due within the Cure Period.

16. Under Section 4.4 of the Agreement, interest at the rate of eighteen percent (18%) per annum accrues on any amounts that are past due thereunder.

17. On July 17, 2026, Sunbeam gave Defendant notice that it was terminating the Agreement. A true and correct copy of Sunbeam's July 17, 2026 "Notice of Termination" letter is attached to this Complaint as Exhibit 3 (the "Termination Notice").

18. Pursuant to the Termination Notice, Sunbeam terminated the Agreement "effective immediately," (underline in original).

**Post-Termination Breach**

19. In the Termination Notice, Sunbeam instructed Defendant to "[i]mmediately discontinue all use of the Trademarks and Work Product [as defined in the Agreement] and immediately cease all manufacture, shipment,

marketing, promotion, distribution, display, and sale of the Licensed Products and the Materials," among other things.

20. In Section 11.1 of the Agreement, entitled "Cessation," Defendant agreed to "immediately discontinue all uses of the Trademarks and Work Product and [to] immediately cease all manufacture, shipment, marketing, promotion, distribution, display, and sale of the Licensed Products and the Materials" as of "effective date of termination or expiration of the Agreement."

21. On July 28, 2026, Sunbeam reiterated to Defendant that it was not authorized to use the Licensed Trademarks, and it further advised Defendant that "[a]ny use of the Trademarks [or] Work Product . . . by [Defendant], its third-party manufacturers, distributors, or any other party acting on Royal's behalf after July 17, 2026 [wa]s unauthorized and constitute[d] **willful trademark** infringement," (bold in original). A true and correct copy of Sunbeam's July 28, 2026 letter to this effect is attached to this Complaint as Exhibit 4 (the "Willful Infringement Notice").

22. In Section 8.1 of the Agreement, Defendant agreed to "cooperate fully with [Sunbeam] for the purpose of securing, preserving, and protecting [Sunbeam]'s rights in the Trademarks."

23. In Section 8.2 of the Agreement, Defendant agreed that it would "not, at any time, do or cause any act or thing that may in any way adversely

affect any rights of [Sunbeam] . . . in and to the Trademarks or any registrations thereof."

24. Under Section 8.3 of the Agreement, Defendant agreed to "cooperate in good faith with [Sunbeam] for the purpose of securing and protecting the rights in the Trademarks."

25. Section 11.2 of the Agreement required Defendant to, within fifteen (15) days of the Termination Notice, "submit a royalty report and payment of all Earned Royalties and any amounts of the Minimum Guaranteed Royalty Payments that have not already been paid."

26. Defendant has not complied with Section 11.2 of the Agreement.

27. Section 11.3 of the Agreement required Defendant to pay "all Minimum Guaranteed Royalty Payments for all Contract Years not yet paid by [Defendant] (even if such Contract Years are after the date of termination)" within twenty (20) days of the Termination Notice.

28. Defendant has not complied with Section 11.3 of the Agreement.

29. Section 11.4 of the Agreement requires Defendant to "deliver to [Sunbeam] a report setting forth the number and description of Licensed Products that it has on hand or in the process of manufacture as of the date of [the Termination Notice]."

30. Defendant has not complied with Section 11.4 of the Agreement.

31. Section 11.5 of the Agreement requires that Defendant, "immediately upon termination . . . provide . . . written proof that all items bearing imprints of the Trademarks or the Work Product, or which could be used to copy the Trademarks or Work Product have been destroyed."

32. Defendant has not complied with Section 11.5 of the Agreement.

33. Under Section 11.6 of the Agreement, if the Agreement is terminated "for [Defendant]'s breach," then Defendant is not entitled to a Sell-Off Period," as defined in the Agreement.

34. Additionally, assuming arguendo that Defendant was entitled to a Sell-Off Period, Defendant was required to (a) pay Sunbeam "Earned Royalties for such sales [made] during the Sell-Off Period," (b) cease the manufacture of Licensed Products, (c) give Sunbeam "the opportunity to purchase such Licensed Products at [Defendant]'s cost" and destroy any remaining inventory at Defendant's expense.

35. Under Section 11.6 of the Agreement, Defendant was required to timely provide Sunbeam with a royalty report and payment of all Earned Royalties arising from the otherwise authorized sale of Licensed Products during the Sell-Off Period.

36. Defendant has not complied with Section 11.6 of the Agreement.

37. As of the filing of this Complaint, Defendant is continuing to use Sunbeam's Licensed Trademarks.

38. As of the filing of this Complaint, Defendant continues to owe monies to Sunbeam.

39. As of the filing of this Complaint, Defendant's post-termination breaches of the Agreement continue and are ongoing.

## COUNT ONE
## (INJUNCTIVE RELIEF)

40. Sunbeam repeats and realleges each and every allegation contained in Paragraphs 1 through 39 of this Complaint with the same force and effect as if more fully set forth herein.

41. In Section 11.1 of the Agreement, Defendant acknowledged and "agree[d] that its failure to comply with the provisions of th[e] Section 11.1 shall cause irreparable injury to [Sunbeam] and [Sunbeam] shall be entitled to injunctive relief, in addition to any other remedies available to [Sunbeam] at law or in equity."

42. Defendant is continuing to use the Licensed Trademarks following the termination of the Agreement, and this use is not authorized by Sunbeam.

43. Defendant's ongoing use of the Licensed Trademarks is likely to cause confusion, mistake, or deception concerning the affiliation, connection, association, sponsorship, approval, source, or origin of Defendant's products, including confusion whether Defendant's products are affiliated with, authorized by, supplied through, or otherwise associated with Sunbeam.

44. Defendant's conduct constitutes false association and/or unfair competition in violation of 15 U.S.C. § 1125(a).

45. 15 U.S.C. § 1116 authorizes the Court to preliminarily and permanently enjoin Defendant, its agents, servants, employees, officers, and all other persons and entities in active concert and participation with Defendant from using the Licensed Trademarks for, on, and/or in connection with the manufacture, distribution, advertising, promotion, offering for sale, and/or sale of any goods, including without limitation, the Work Product.

46. 15 U.S.C. § 1116 authorizes the Court to preliminarily and permanently enjoin Defendant, its agents, servants, employees, officers, and all other persons and entities in active concert and participation with Defendant from falsely representing itself as being a distributor, authorized retailer, and/or licensee of Sunbeam and/or any of Sunbeam's products and/or falsely representing to have an association or affiliation with, sponsorship by, and/or connection with Sunbeam and/or any of Sunbeam's products.

47. Accordingly, Sunbeam requests that the Court issue a preliminary and permanent injunction against Defendant's use of the Licensed Trademarks.

## COUNT TWO
## (LANHAM ACT)

48. Sunbeam repeats and realleges each and every allegation contained in Paragraphs 1 through 47 of this Complaint with the same force and effect as if more fully set forth herein.

49. Defendant's aforementioned conduct violates the Lanham Act.

50. Defendant's ongoing use of the Licensed Trademarks in commerce on, for, and/or in connection with the advertising, promotion, offering for sale, and/or sale of products is causing, and is likely to continue causing consumer confusion, mistake, and/or deception about Defendant's connection to Sunbeam and/or whether Defendant is a proper licensee of Sunbeam.

51. Defendant's ongoing use of the Licensed Trademarks in commerce on, for, and/or in connection with the advertising, promotion, offering for sale, and/or sale of products is causing, and is likely to continue causing consumer confusion, mistake, and/or deception about whether Defendant and/or Defendant's products are affiliated, connected, and/or associated with Sunbeam and/or products that Sunbeam offers under its Trademarks.

52. Defendant's ongoing use of the Licensed Trademarks in commerce on, for, and/or in connection with the advertising, promotion, offering for sale, and/or sale of products is causing, and is likely to continue causing consumer confusion, mistake, and/or deception about whether Defendant and/or

Defendant's products originate with and/or are sponsored or approved by, and/or offered under a license from Sunbeam.

53. Defendant's ongoing use of the Licensed Trademarks is neither authorized by nor consented to by Sunbeam.

54. Defendant's ongoing use of the Licensed Trademarks is part of a bad-faith scheme to confuse and deceive consumers.

55. Defendant's ongoing use of the Licensed Trademarks is in furtherance of Defendant's willful, deliberate, and bad-faith scheme of exploiting the consumer goodwill, reputation, fame, and commercial success of Sunbeam's products under the Trademarks.

56. Defendant has made, and will continue to make, substantial profits and gain from its unauthorized use of the Trademarks to which Defendant is not entitled at law or in equity.

57. Defendant's acts and conduct complained of herein constitute trademark infringement in violation of 15 U.S.C. § 1114(a).

58. Defendant's acts and conduct complained of herein constitute federal unfair competition, false endorsement, false association, and false designation of origin under 15 U.S.C. § 1125(a)(1)(A).

59. Under 15 U.S.C. § 1117, Sunbeam is entitled to a full accounting of all manufacture, distribution, and/or sale of products under the Trademarks, as well as all profits derived therefrom.

60. Under 15 U.S.C. § 1117, Sunbeam is entitled to treble actual damages in connection with Defendant's infringement of the Trademarks.

61. As a direct and proximate cause of Defendant's conduct, Sunbeam has suffered and continues to suffer damages, including, but not limited to, diversion of business opportunities, injury to goodwill, and harm to the value of its Trademarks, all in an amount to be determined at trial.

## COUNT THREE
## (BREACH OF CONTRACT)

62. Sunbeam repeats and realleges each and every allegation contained in Paragraphs 1 through 39 of this Complaint with the same force and effect as if more fully set forth herein.

63. The Agreement is a valid and enforceable contract.

64. By failing to pay Sunbeam the entire Balance Due, Defendant has breached the Agreement.

65. By continuing to use the Licensed Trademarks following its receipt of the Termination Notice, Defendant has breached the Agreement.

66. By failing to comply with its post-termination obligations, including those set forth in Section 11 *et seq.*, Defendant has breached the Agreement.

67. As a result of Defendant's numerous breaches of the Agreement, Sunbeam has been harmed in an amount to be determined at trial.

## COUNT FOUR
## (ATTORNEY'S FEES)

68. Sunbeam repeats and realleges each and every allegation contained in Paragraphs 1 through 67 of this Complaint with the same force and effect as if more fully set forth herein.

69. The Agreement contains a "prevailing party" fee provision in Section 28 that provides: "In any action brought by a party under or relating to th[e] Agreement, the prevailing party shall be entitled to recover its attorneys' fees, costs, and expenses from the non-prevailing party."

70. Alternatively, Defendant has acted in bad faith, has been stubbornly litigious, or has caused Sunbeam unnecessary trouble and expense.

71. Sunbeam has incurred attorneys' fees and expenses in connection with having to file and pursue its claims in this action.

72. Sunbeam is therefore entitled to an award of attorneys' fees, costs, and expenses of litigation in accordance with O.C.G.A. § 13-6-11, all in an amount to be determined.

WHEREFORE Sunbeam prays of this Honorable Court as follows:

A. For preliminary and permanent injunctive relief as set forth in Count One;

B. For a trial by jury;

C. For damages under the Lanham Act as set forth in Count Two;

D. For damages for breach of contract as set forth in Count Three;

E. For its attorneys' fees, costs, and expenses as set forth in Count Four;

F. For such other and further relief as this Court may deem just, proper, and equitable under the circumstances.

This the 24th day of August, 2026.

Respectfully submitted,

WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, LLC

*/s/Aaron Chausmer*
Nicholas P. Panayotopoulos
Georgia Bar No. 560679
Aaron B. Chausmer
Georgia Bar No. 119998

*Counsel for Plaintiff Sunbeam Products, Inc.*

3344 Peachtree Road, NE
Suite 2400
Atlanta, GA 30326
T: (404) 876-2700
F: (404) 875-9433
NPanayo@wwhgd.com
achausmer@wwhgd.com

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D of the United States District Court of the Northern District of Georgia, the undersigned certifies that the foregoing submission to the Court was computer-processed, double-spaced between lines, and used Century Schoolbook font of 13-point size.

This 24th day of August, 2026.

WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, LLC

*/s/ Aaron Chausmer*
Aaron B. Chausmer
Georgia Bar No. 119998